[No. 22471. Department One. December 5, 1930.]

McCASKEY REGISTER COMPANY, *Appellant,* v. H. C. DAVIS, *Respondent.*[1]

[1]Reported in 293 Pac. 461.

484

*Louis A. Merrick,* for appellant.
*Wm. L. Bailey,* for respondent.

HOLCOMB, J.—It is stated by both parties in their briefs that this cause has been tried twice to a jury and both verdicts were for respondent. The action is one upon a promissory note made by respondent to appellant dated May 21, 1927, for two hundred dollars. The note was given in consideration of a certain cash register sold by appellant to respondent, the agreed price of which was two hundred thirty dollars, of which thirty dollars was paid at the time of the execution of the note sued upon.

The amended answer of respondent, after a general denial, stated an affirmative defense in which it is alleged that respondent was induced to enter into the purported contract with appellant for the cash register and adding machine, and that the purported contract and promissory note in suit were obtained by misrepresentation and fraud in that the cash register was warranted to subtract when, in fact, it would not subtract; and that it was warranted as a combination cash register and adding machine, when in fact it could not be so used in combination, and that respondent relied upon such representations, and alleges a disaffirmance of the contract and a return of the instrument to appellant.

The reply put in issue the allegations of the affirmative answer. After a verdict was rendered by the jury in favor of respondent, motions for judgment n. o. v. and for a new trial were interposed, and denied by the trial court.

The denial of the foregoing motions constitutes the chief basis of appellant's grounds for reversal. It

is vigorously insisted that there is no competent testimony sustaining the affirmative allegations of the amended answer. The evidence has been examined, and, in addition to competent oral testimony as to the representations and as to the failure of the instrument to fulfill the representations made, the record shows that the instrument was demonstrated in the presence of the jury and examined by the jury.

Another claim of error is that the court, over the objection of appellant, permitted an answer to a question propounded to respondent as follows: "Are there any special requirements of your business in regard to cash?" It is argued that this question and answer was prejudicial to appellant because it injected into the trial an issue not raised by the pleadings.

We view this objection as untenable. It was pertinent under the issues to the effect that the nature of respondent's business and its requirement as to the use of such machine was made known to the selling agent of appellant. That was an essential factor of respondent's case.

Another complaint is in overruling an objection of appellant to a question put to a witness who had qualified as an expert, asking what was the reason that as a cash register one could use the machine and as an adding machine one could use it, but to use it as both at the same time was not practical. This evidence by an expert was also relevant to the issue raised by the amended answer as to whether the failure of the machine to meet the needs of respondent was due to the construction of the machine for which appellant alone was responsible.

Lastly, appellant complains of testimony allowed to be introduced by respondent in rebuttal. Since this was a case in which the burden of proof lay upon and was maintained by respondent, and appellant

486

thereafter introduced its. evidence in defense of the allegations of respondent, the evidence of respondent which is complained of was merely in rebuttal of that evidence. The complaint is therefore untenable.

There is no error, and the judgment must be and is affirmed.

MITCHELL, C. J., TOLMAN, PARKER, and MAIN, JJ., concur.

[1]Reported in 293 Pac. 458.